UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
METRO CHRYSLER PLYMOUTH, INC.
D/B/A STAR CHRYSLER JEEP DODGE,

        Plaintiff,                     **MEMORANDUM AND ORDER**
                                                        23-CV-9358 (RPK) (LB)

        v.

LIONEL FRASER,

        Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Defendant moves to withdraw his notice of removal and requests that this action be remanded to state court. For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

        Plaintiff Metro Chrysler Plymouth, Inc., doing business as Star Chrysler Jeep Dodge ("Star Chrysler"), is a car dealership that employed defendant Lionel Fraser as a technician from 2004 to 2020. Summons 4 (Dkt. #1-1).* In 2023, Star Chrysler brought this suit against Fraser in New York state court, alleging that Fraser repaired vehicles after hours on Star Chrysler's premises, using Star Chrysler's equipment, without Star Chrysler's knowledge, for Fraser's own financial gain. *See* Ltr. 1 (Dkt. #4). Star Chrysler asserted various state-law claims against Fraser, including "(1) fraudulent misrepresentation; (2) fraud and deceit; (3) conversion; (4) aiding and abetting of fraud; (5) aiding and abetting of conversion; (6) unjust enrichment; (7) breach of duty of loyalty; and (8) faithless servant doctrine." Summons 4.

        In December 2023, Fraser removed this action to federal court. *See* Notice of Removal (Dkt #1). In the notice of removal, Fraser asserted that this Court could exercise subject-matter

---

* Citations to the summons follow the ECF pagination. All other citations to documents in the record follow internal pagination, unless otherwise noted.

1

jurisdiction over Star Chrysler's claims because they "are governed by Section 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq.," and therefore arise under federal law. *Id.* at 2. Fraser now moves to withdraw his notice of removal, *see* Mot. to Withdraw Notice of Removal (Dkt. #6), and asserts that upon further research, Star Chrysler's claims do not arise under federal law, *see* Reply in Supp. by Fraser (Dkt. #7). Star Chrysler agrees that remand is required because this Court lacks subject-matter jurisdiction over its claims. Reply in Supp. by Star Chrysler (Dkt. #8).

## DISCUSSION

A case removed from state court must be remanded "[i]f at any time before final judgment it appears the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Federal-question jurisdiction permits federal courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331; *see Bracey v. Bd. of Educ.*, 368 F.3d 108, 113 (2d Cir. 2004). "A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (brackets and quotations omitted). The well-pleaded complaint rule typically requires that a complaint assert a federal claim "on [its] face" to be removable, but a defendant may also remove state-law claims preempted by Section 301 of the LMRA. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

As both parties now recognize, Star Chrysler's complaint does not assert a federal claim on its face, and none of Star Chrysler's claims against Fraser are governed by Section 301 of the LMRA. Section 301(a) provides federal district courts with jurisdiction over "[s]uits for violation

2

of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). Courts have interpreted Section 301's preemptive effect to extend to state tort claims that are "inextricably intertwined with consideration of the terms of [a] labor contract," *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985), such as claims that "depend[] on an interpretation of [a collective bargaining agreement]," *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 261 (1994). Here, however, Star Chrysler's claims against Fraser have no connection to the terms of a labor contract. Therefore, Section 301(a) of the LMRA does not confer federal jurisdiction over this action. The notice of removal additionally asserts that Star Chrysler's claims arise under federal law because they are governed by the FAA, 9 U.S.C. § 1 *et seq.*, apparently on the theory that plaintiff was covered by a collective bargaining agreement that provides for the arbitration of disputes arising under the agreement. Notice of Removal 2, 7; Reply in Supp. by Fraser 1 (describing collective bargaining agreement that provides for arbitration of disputes). But as noted above, the claims in this case are not connected to a collective bargaining agreement. Moreover, the FAA does not itself "create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).

## CONCLUSION

Defendant's motion to withdraw his notice of removal is granted, and this case is remanded to the New York Supreme Court, Queens County.

SO ORDERED.

                                           */s/ Rachel Kovner*
                                           RACHEL P. KOVNER
                                           United States District Judge

Dated: May 6, 2024
       Brooklyn, New York